

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N W*
*Washington, D C  20530*

**FILED**

January 30, 2008

FEB 0 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Carlos Vanegas, Esq.
Federal Public Defender Service
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004

Re:     <u>United States v. Steven M. Kowalik, Mag. No. 08-017</u>—*02*

Dear Mr. Vanegas:

This letter sets forth the full and complete plea offer to your client, Steven Kowalik, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  I understand from our conversation today that your client has accepted the terms that were conveyed verbally at his initial appearance, with agreed-upon modifications as to the items to be forfeited.  Those modifications are incorporated in this formal agreement.  If your client accepts the terms and conditions as outlined below,  please have your client execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the Plea Agreement.  The terms of the final offer are as follows:

**Charges and Statutory Penalties**     *Deferred Judgment  CJV  SMK  ams*

Your client agrees to plead guilty to the first count of the Information charging Unlawful Taking of Wildlife (to wit: a fox) on November 20, 2007, and the fourth count of the Information charging Unlawful Taking of Wildlife (to wit: a deer) on November 22, 2007, both in violation of 36 C.F.R. §§ 1.3-1.4, 2.2(a) (as enabled by 16 U.S.C. § 3).  Your client further agrees not to oppose the government's request for a total fine of $750 ($375 for each count) and a period of ~~unsupervised probation for one year~~, and agrees to forfeit all of his items that were seized from the scene and from his person with the exception of his hunting attire, including jacket and vest, and his binoculars.   *six months, 50 hours community service*

Your client understands that pursuant to 18 U.S.C. §§ 19, 3551, and 3559(a)(7), Unlawful Taking of Wildlife is a Class B misdemeanor and a petty offense as defined in those sections, and   *CJV  SMK  ams*

that the sentencing provisions of Title 18, Chapter 227, Sections 3551 *et seq.* are applicable. Your client further understands that pursuant to 16 U.S.C. § 3, 36 C.F.R. § 1.3, and 18 U.S.C. §§ 3551, 3571(e), and 3581(b)(7), each charge carries a maximum sentence of six months' imprisonment, a fine of $500, or both, an order to pay all costs of the proceedings, and an obligation to pay any applicable interest or penalties on fines not timely made. Pursuant to 18 U.S.C. § 3583(b)(3), because these offenses are "petty offenses" as defined in 18 U.S.C. § 19, a term of supervised release is not required. In addition, your client agrees to pay a special assessment of $50 to the Clerk's Office of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that these offenses are not governed by the United States Sentencing Guidelines ("USSG") pursuant to USSG § 1B1.9, and that it is the responsibility of the Court to impose a sentence. Finally, your client further acknowledges and agrees that if the Court imposes a lawful sentence that is in any way unsatisfactory, he cannot withdraw his guilty plea. Nevertheless, your client does have, and retains, the right to appeal to a higher court a sentence that is unlawful.

*6 months gov*

In consideration of your client's plea to the above offenses, the government will not ask for a period of incarceration and will allocute for a sentence of ~~one year~~ of unsupervised probation. The government further agrees that your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense, and that it will move to dismiss the remaining three counts against your client at sentencing. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### Factual Stipulations

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence. In addition, as set forth in this agreement, your client agrees to give under oath a truthful, complete and accurate statement of his knowledge of his co-defendant's role in the commission of the offenses charged in the Information.

### Sentencing Guidelines

Pursuant to USSG § 1B1.9, the United States Sentencing Guidelines do not apply to Class B misdemeanors.

### Court Not Bound by the Plea Agreement

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of other sentencing issues. In the event that the Court contemplates

a sentence based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Forfeiture

Your client agrees to confirm the identity of the items that were seized by officers of the United States Park Police over which your client exercised control, directly or indirectly, on November 22, 2007, or in which your client has or had during that time any financial interest. Your client agrees to take all steps as requested by the Government to forfeit all of your client's interests in all of the items seized, with the exception of his hunting attire, including jacket and vest, and his binoculars.

Your client warrants that your client is the sole owner of the property listed above, and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this Plea Agreement.

Your client further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Your client agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client acknowledges that your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case and your client waives any failure by the Court to advise your client of this, pursuant to Rule 11(b)(1)(J), at the time your client's guilty plea is accepted.

Your client further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Your client acknowledges that all property covered by this Plea Agreement is subject to forfeiture as "property facilitating illegal conduct" and/or "property involved in illegal conduct giving rise to forfeiture."

### Breach of Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against

your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor.  It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:

Jean W. Sexton
Assistant United States Attorney

5

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Carlos Vanegas, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 2-6-08

_____
Steven M. Kowalik
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 2/6/08

_____
Carlos Vanegas, Esquire
Attorney for the Steven M. Kowalik

rev. 5/15/07/ps

6