UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Magistrate Case No. 08-017M-02 (AK) |
| | : | |
| **STEVEN M. KOWALIK,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S NOTICE OF FILING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits the attached Addendum to the plea agreement that was filed in Court on February 6, 2008.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

BY: _____/s/_____
JEAN W. SEXTON
Assistant United States Attorney
NJ Bar No. 02122-1995
555 4th St., N.W. Room 4235
Washington, D.C. 20530
(202) 305-1419
Jean.Sexton@usdoj.gov

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

February 21, 2008

Carlos Vanegas, Esq.
Federal Public Defender Service
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004

      Re:    <u>United States v. Steven M. Kowalik, Mag. No. 08-017M-02</u>

Dear Mr. Vanegas:

      This letter sets forth the full and complete Addendum to the attached Plea Agreement dated January 30, 2008, that you and your client, Steven M. Kowalik, signed on February 6, 2008, and that was presented to the Court during the Plea Hearing. If your client agrees to the terms and conditions outlined below, please have your client execute this document in the space provided. The terms are as follows:

      1.    Your client pled guilty to the first count of the Information charging Unlawful Taking of Wildlife (to wit: a fox) on November 20, 2007, and the fourth count of the Information charging Unlawful Taking of Wildlife (to wit: a deer) on November 22, 2007, both in violation of 36 C.F.R. §§ 1.3-1.4, 2.2(a) (as enabled by 16 U.S.C. § 3). Your client agreed that, within a period of six months from the date of the plea, he will pay the mandatory special assessment of $10 to the Clerk's Office of the United States District Court for the District of Columbia, make a $750 donation to the Washington Humane Society, Attention: Development Office, 7319 Georgia Avenue, N.W., Washington, D.C. 20012 by check or on-line at www.washhumane.org and provide proof thereof to the government, perform fifty hours of community service and provide proof thereof to the government, and forfeit all of his items that were seized from the scene and from his person with the exception of his hunting attire, including jacket and vest, and his binoculars, as set forth in the attached United States Park Police Property Release Letter that was executed by both Parties.

      2.    If your client is not rearrested for any offense, and completes the requirements of paragraph one, including making the donation, paying the special assessment, completing the fifty hours of community service, and forfeiting the property specified in the Property Release Letter,

the government will move to dismiss the case at the end of the six months (or at the status hearing currently scheduled for September 10, 2008).

3.      If, however, your client does not complete the requirements of paragraph one, or is rearrested, your client agrees that he will not move to withdraw his guilty plea and that he will then be sentenced by the Court. If that occurs, and in consideration of your client's guilty plea to the above offenses, the government agrees that it will not ask for a period of incarceration and will allocute for a sentence of six months of unsupervised probation and for the originally agreed-upon fine and forfeiture as outlined in the Parties initial Plea Agreement dated January 30, 2008, and signed February 6, 2008. The government further agrees that your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense (signed by the Parties on February 6, 2008), and that it will move to dismiss the remaining three counts against your client at sentencing. Your client agrees that, with respect to any and all dismissed charges, your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

All other terms and conditions in the attached Plea Agreement dated January 30, 2008, and signed February 6, 2008, remain in effect.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Addendum in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
Jean W. Sexton
Assistant United States Attorney

Attachments

2

## DEFENDANT'S ACCEPTANCE

I have read this Addendum to the Plea Agreement dated January 30, 2008, and signed February 6, 2008, and have discussed it with my attorney, Carlos Vanegas, Esquire. I fully understand this Addendum and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Addendum fully. I have pled guilty because I am in fact guilty of the offenses identified in the Plea Agreement dated January 30, 2008, and signed February 6, 2008, and in this Addendum.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in the Plea Agreement dated January 30, 2008, and signed February 6, 2008, and in this Addendum. I am satisfied with the legal services provided by my attorney in connection with the Plea Agreement dated January 30, 2008, and signed February 6, 2008, and in connection with this Addendum, and matters related to them.

Date: 2-23-08

Steven M. Kowalik
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Addendum to the Plea Agreement dated January 30, 2008, that my client and I signed on February 6, 2008, have reviewed them with my client, and have discussed the provisions of this Addendum with my client, fully. These pages accurately and completely sets forth the Addendum to the Plea Agreement. I concur in my client's desire to plead guilty as set forth in the Plea Agreement dated January 30, 2008, and signed February 6, 2008, and in this Addendum.

Date: 2/27/08

Carlos Vanegas, Esquire
Attorney for the Steven M. Kowalik



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

January 30, 2008

**FILED**

**FEB 0 6 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Carlos Vanegas, Esq.
Federal Public Defender Service
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004

      Re:    <u>United States v. Steven M. Kowalik, Mag. No. 08-017</u>-*02*

Dear Mr. Vanegas:

      This letter sets forth the full and complete plea offer to your client, Steven Kowalik, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). I understand from our conversation today that your client has accepted the terms that were conveyed verbally at his initial appearance, with agreed-upon modifications as to the items to be forfeited. Those modifications are incorporated in this formal agreement. If your client accepts the terms and conditions as outlined below, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the final offer are as follows:

**Charges and Statutory Penalties**   *Deferred Judgment* CJV [initials] SMK

      Your client agrees to plead guilty to the first count of the Information charging Unlawful Taking of Wildlife (to wit: a fox) on November 20, 2007, and the fourth count of the Information charging Unlawful Taking of Wildlife (to wit: a deer) on November 22, 2007, both in violation of 36 C.F.R. §§ 1.3-1.4, 2.2(a) (as enabled by 16 U.S.C. § 3). Your client further agrees not to oppose the government's request for a total fine of $750 ($375 for each count) and a period of ~~unsupervised probation for one year~~, and agrees to forfeit all of his items that were seized from the scene and from his person with the exception of his hunting attire, including jacket and vest, and his binoculars. *six months, 50 hours community service* CJV SMK

      Your client understands that pursuant to 18 U.S.C. §§ 19, 3551, and 3559(a)(7), Unlawful Taking of Wildlife is a Class B misdemeanor and a petty offense as defined in those sections, and

*Attachment 1.*

that the sentencing provisions of Title 18, Chapter 227, Sections 3551 *et seq.* are applicable. Your client further understands that pursuant to 16 U.S.C. § 3, 36 C.F.R. § 1.3, and 18 U.S.C. §§ 3551, 3571(e), and 3581(b)(7), each charge carries a maximum sentence of six months' imprisonment, a fine of $500, or both, an order to pay all costs of the proceedings, and an obligation to pay any applicable interest or penalties on fines not timely made. Pursuant to 18 U.S.C. § 3583(b)(3), because these offenses are "petty offenses" as defined in 18 U.S.C. § 19, a term of supervised release is not required. In addition, your client agrees to pay a special assessment of $50 to the Clerk's Office of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that these offenses are not governed by the United States Sentencing Guidelines ("USSG") pursuant to USSG § 1B1.9, and that it is the responsibility of the Court to impose a sentence. Finally, your client further acknowledges and agrees that if the Court imposes a lawful sentence that is in any way unsatisfactory, he cannot withdraw his guilty plea. Nevertheless, your client does have, and retains, the right to appeal to a higher court a sentence that is unlawful.

*[handwritten: 6 months gw]*

In consideration of your client's plea to the above offenses, the government will not ask for a period of incarceration and will allocute for a sentence of ~~one year~~ of unsupervised probation. The government further agrees that your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense, and that it will move to dismiss the remaining three counts against your client at sentencing. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### Factual Stipulations

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence. In addition, as set forth in this agreement, your client agrees to give under oath a truthful, complete and accurate statement of his knowledge of his co-defendant's role in the commission of the offenses charged in the Information.

### Sentencing Guidelines

Pursuant to USSG § 1B1.9, the United States Sentencing Guidelines do not apply to Class B misdemeanors.

### Court Not Bound by the Plea Agreement

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of other sentencing issues. In the event that the Court contemplates

2

a sentence based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Forfeiture

Your client agrees to confirm the identity of the items that were seized by officers of the United States Park Police over which your client exercised control, directly or indirectly, on November 22, 2007, or in which your client has or had during that time any financial interest. Your client agrees to take all steps as requested by the Government to forfeit all of your client's interests in all of the items seized, with the exception of his hunting attire, including jacket and vest, and his binoculars.

Your client warrants that your client is the sole owner of the property listed above, and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this Plea Agreement.

Your client further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Your client agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client acknowledges that your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case and your client waives any failure by the Court to advise your client of this, pursuant to Rule 11(b)(1)(J), at the time your client's guilty plea is accepted.

Your client further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Your client acknowledges that all property covered by this Plea Agreement is subject to forfeiture as "property facilitating illegal conduct" and/or "property involved in illegal conduct giving rise to forfeiture."

### Breach of Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against

3

your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: Jean W. Sexton
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Carlos Vanegas, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 2-6-08

Steven M. Kowalik
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 2/6/08

Carlos Vanegas, Esquire
Attorney for the Steven M. Kowalik

rev. 5/15/07/ps

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | :     Magistrate No. 08-017-M-02 (AK) |
| STEVEN M. KOWALIK, | : |
| Defendant. | |

**FILED**

FEB 0 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### STATEMENT OF OFFENSE

The parties in this case, the United States of America, and the defendant, Steven M. Kowalik, stipulate and agree that the following facts are true and accurate:

On Thursday, November 22, 2007 (Thanksgiving Day), at approximately 10:30 a.m., uniformed officers of the United States Park Police (USPP) responded to a report of "deer hunting in progress" in the park behind the Blue Plains Impoundment Lot. The park, officially known as United States Reservation Number 421, is a National Park located in the District of Columbia that is commonly known as Shepherd Parkway, Oxon Cove, or the "old DC Tree Nursery," and hunting is prohibited in the park by federal regulation.

A vehicle associated with the "deer hunters" was broadcasted as a black Toyota pickup truck, bearing Virginia registration plate KLG3393. Upon arrival at the park, a security officer from the Blue Plains Impoundment Lot informed the USPP officers that he had seen two men enter the park wearing camouflaged clothing and carrying hunting weapons. The USPP officers then located the black Toyota pickup truck parked in a restricted area of the park. The pickup truck had been driven around roadway barricades that were designed to prevent vehicle access into the park, and had been parked in such a manner as to be hidden behind the fence separating the park from the Blue Plains Impoundment Lot. The vehicle, which was not occupied, was

registered to codefendant Derek B. Vereen.

Officers from the USPP who were canvassing the park by helicopter observed two individuals, later determined to be Steven M. Kowalik and codefendant Derek B. Vereen, crouching over a Whitetail Deer carcass in a meadow of the park. The USPP helicopter landed, and an officer held the defendants at gunpoint. The defendants surrendered peacefully and were placed under arrest. Closer inspection of the weapons carried by both men revealed them to be modern compound bows with attachable quivers containing razor tipped arrows. Blood and hair from both fox and deer were found on some of the arrows.

An inspection of the Whitetail Deer carcass, which was an 8 point antlered buck, revealed it had been field dressed and gutted for transport from a kill site. Entrance and exit wounds found on the carcass indicated the animal had been shot with razor tipped arrows, and a six foot drag rope was attached to the base of the deer antlers. A subsequent search of the park revealed two piles of fresh Whitetail Deer buck entrails. One pile consisted of the hollow and non-editable organs and the other contained the heart, liver and kidneys. A blood and hair trail, together with visible drag marks on the ground, led from the entrails to the same Whitetail Deer carcass that the defendants were seen crouching over more than 300 yards away.

The search of the park also revealed two dead Red Foxes. An inspection of the fox carcasses revealed that both animals had suffered wounds consistent with those received from arrows, and that they appeared to have been dead for at least 36 hours. The officers also recovered two portable hunting stands attached to trees that belonged to the defendants, and a small camouflaged bag containing a canister of simulated deer scent; a deer call used to make the sound of a deer so other deer would come to the area; and a LED battery operated head lamp that

belonged to defendant Kowalik.

Steven Kowalik was interviewed and acknowledged that he and Derek Vereen were friends and fellow hunters and that together the two men purposely hunted the eight-point Whitetail Deer buck. The defendant stated that he had shot the deer with a bow and arrow earlier that day; that both men had searched for the wounded deer and together gutted the animal; and that both men had helped drag the deer back toward the defendant's truck with the intent to transport the carcass from area. The defendant further admitted that he had shot two foxes while in the park with codefendant Vereen. He shot the first fox on November 20, 2007, using a razor tip arrow as it entered the field not far from where the deer carcass was located. He could not find it because it crawled away into the underbrush. He shot the second fox also with a razor tip arrow. He found the second fox still alive so he shot it again with a field tip arrow.

Finally, defendant Kowalik further stated that he and codefendant Vereen had visited USPP headquarters to try to get permission for the hunt, but that they were told they could not hunt in the District of Columbia. Codefendant Vereen told him to "read between the lines" and they decided to hunt anyway. On November 20th and November 22nd, 2007, Defendant Kowalik did not possess a license to hunt in the District of Columbia.

_____
JEAN W. SEXTON
Assistant United States Attorney

_____
STEVEN M. KOWALIK
Defendant

_____
CARLOS VANEGAS
Attorney for Defendant Kowalik

3



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

February 6, 2008

United States Park Police
Property Control Division
1100 Ohio Drive, S.E.
Washington, D.C. 20042

        Re: <u>Limited Property Release for Steven Kowalik, Mag. No. 08-017-M-02</u>

To whom it may concern:

    Pursuant to the government's plea agreement with the defendant in the above-captioned case, USPP Incident No. 07-050909 (11/22/07), the following items have been forfeited by defendant Kowalik and may be processed for destruction, sale, or otherwise according to United States Park Police regulations governing the disposition of property:

| | |
|---|---|
| Item 2 | Small lighting device |
| Item 3 | Leatherman Knife |
| Item 6 | Primos Brand Whistle |
| Item 9 | Black flash light |
| Item 17 | Grand Slam Magnum Extreme Tree Stand (2-piece chair and platform) |
| Item 18 | Camouflage pouch with 2 Tink's Scent Bombs, 1 Primos Hunting Call (doe bleater), 1Pretzl head lamp, 1 green cordage with carabiner |
| Item 20 | Matthews Solo Com Bow |
| Item 21 | Vista Quiver with seven arrows |

    Pursuant to the government's plea agreement with the defendant in the above-captioned case, the following items may be released to Mr. Kowalik:

| | |
|---|---|
| Item 1 | Camouflage baseball cap |
| Items 4-5 | Camouflage jacket and vest |
| Items 7-8 | Camouflage face mask and gloves |
| Item 10 | Nikon Laser 600 binoculars |
| Item 11 | VA Dept of Game and Inland Fisheries Hunting License |

*Attachment 2*

If you have any questions, please contact the undersigned Assistant United States Attorney at 202-305-1419.

Sincerely,

*Jean W. Sexton*
Jean W. Sexton
Assistant United States Attorney

## ACKNOWLEDGEMENT OF RECEIPT

I, Steven Kowalik, agree and acknowledge that the above-listed property is to be forfeited to the Government pursuant to the Forfeiture paragraph of my plea agreement dated January 30, 2008, and signed February 6, 2008. I have fully discussed the agreement and the forfeiture with my attorney, Carlos Vanegas, and agree to the forfeiture of the property voluntarily and of my own free will, intending to be legally bound.

I understand that I must contact Detective Jon Crichfield, United States Park Police, at 202-610-8744, for the return of my property.

_____
Carlos Vanegas, Esq.
Attorney for Defendant Kowalik

_____
Steven Kowalik

2-6-08
Date



USPP FORM 43-11
Rev. 1/91

**UNITED STATES DEPARTMENT OF THE INTERIOR**
**NATIONAL PARK SERVICE**
**UNITED STATES PARK POLICE**

| YR | INCIDENT NUMBER |
|---|---|
| 0 7 | ▮ 0 5 0 9 0 9 |

| LOCATION CODE |
|---|
| 5 5 1 4 |

# EVIDENCE/PROPERTY CONTROL RECEIPT

☒ EVIDENCE    ☐ FOUND PROPERTY    ☐ SAFEKEEPING

OFFENSE/INCIDENT: Poaching 2 Arrest                           DATE: 11/22/07    TIME: 1037
LOCATION: 5001 Shepherds Parkway         OFFICER: Sgt. Klebaner         BADGE#: 858
PROPERTY #: _____    NARCOTIC #: _____    DEA LAB #: _____    MCL #: _____

| ITEM # | QUANTITY | DESCRIPTION OF EVIDENCE/PROPERTY | LOCATION RECOVERED |
|---|---|---|---|
| 1 | 1 | Camo baseball | From: Kowalik |
| 2 | 1 | Small Lighting device | To:   Barner |
| 3 | 1 | Leatherman Knife | |
| 4 | 1 | Camo Jacket | |
| 5 | 1 | Camo Vest | |
| 6 | 1 | Primos Brand Whistle | |
| 7 | 1 | Camo Facemask | |
| 8 | 1 | Gloves(Camo)1 pair | |
| 9 | 1 | Black Flash Light | |
| 10 | 1 | Binocular (model Nikon Laser 600 | |
| 11 | 1 | VA Dept of Game & inland Fisheries Hunting License | |
| | | Evidence Evidence Evidence   Evidence   Evidence | |
| | | | ☐ NCIC CHECK MADE |

EVIDENCE/PROPERTY OBTAINED FROM: Kowalik, Steven Martin
OWNER: Kawalik, Steven Martin         DEFENDANT(S): Kowalik, Steven Martin
OWNER'S ADDRESS: 905 Chancellor St. SW Leesburg, VA 20175
RECOVERED/RECEIVED BY: C.Barner                           DATE: 11/22/07    TIME: 1037
ADDRESS: US Park Police D5
PROPERTY MAY BE:   RELEASED:   YES ( )   NO (XX)   ITEM(S): ALL
                  DESTROYED:  YES ( )   NO ( )    ITEM(S): All
CASE INVOLVES ASSET FORFEITURE:  YES ( )   NO ( )   ITEM(S): All

CASE UNDER APPEAL: YES ( )   NO (xx)                OFFICER/AUSA OR STATES ATTORNEY

USPP FORM 43-11
Rev. 1/91

UNITED STATES DEPARTMENT OF THE INTERIOR
NATIONAL PARK SERVICE
UNITED STATES PARK POLICE

YR: 0 7  INCIDENT NUMBER: 0 5 0 9 0 9

LOCATION CODE: 5 5 1 4

# EVIDENCE/PROPERTY CONTROL RECEIPT

[X] EVIDENCE   [ ] FOUND PROPERTY   [ ] SAFEKEEPING

OFFENSE/INCIDENT: Resource Violation - Hunting     DATE: 11/22/2007  TIME: 1037
LOCATION: Shepherd Parkway, 5100 blk, SW WDC  OFFICER: Klebaner     BADGE#: 0507
PROPERTY #: _____   NARCOTIC #: _____   DEA LAB #: _____   MCL #: _____

| ITEM # | QUANTITY | DESCRIPTION OF EVIDENCE/PROPERTY | LOCATION RECOVERED |
|---|---|---|---|
| 17 | 1 | Grand Slam Magnum Extreme Treestand (2 piece - chair and platform) | From scene |
| EOL | EOL | End of List | End of List |

[ ] NCIC CHECK MADE

EVIDENCE/PROPERTY OBTAINED FROM: From scene
OWNER: KOWALIK, Steven Martin     DEFENDANT(S): Same
OWNER'S ADDRESS: 905 Chancellor Street, SW Leesburg, VA 20175
RECOVERED/RECEIVED BY: Det. J.B. Crichfield     DATE: 11/23/2007  TIME: 1030
ADDRESS: USPP CIB AOF
PROPERTY MAY BE:   RELEASED: YES ( )  NO (x)   ITEM(S): All
                   DESTROYED: YES ( )  NO (x)   ITEM(S): All
CASE INVOLVES ASSET FORFEITURE: YES ( )  NO (x)   ITEM(S): All

CASE UNDER APPEAL: YES ( )  NO ( )

Det. J.B. Crichfield     445     11/23/2007
OFFICER SIGNATURE    BADGE    DATE

OFFICER/AUSA OR STATES ATTORNEY

_____  _____
SUPERVISOR SIGNATURE    DATE

USPP FORM 43-11
Rev. 1/91

UNITED STATES DEPARTMENT OF THE INTERIOR
NATIONAL PARK SERVICE
UNITED STATES PARK POLICE

| YR | INCIDENT NUMBER |
|---|---|
| 0 7 ■ | 0 5 0 9 0 9 |

| LOCATION CODE |
|---|
| 5 5 1 4 |

# EVIDENCE/PROPERTY CONTROL RECEIPT

[X] EVIDENCE  ☐ FOUND PROPERTY  ☐ SAFEKEEPING

OFFENSE/INCIDENT: Resource Violation - HUnting        DATE: 11/22/2007  TIME: 1037
LOCATION: Shepherd Parkway 5100 blk SW WDC   OFFICER: Klebaner        BADGE#: 0507
PROPERTY #: _____    NARCOTIC #: _____    DEA LAB #: _____    MCL #: _____

| ITEM # | QUANTITY | DESCRIPTION OF EVIDENCE/PROPERTY | LOCATION RECOVERED |
|---|---|---|---|
| 18 | 1 | Camo Nylon pouch having:<br>2 Tink's Scent Bombs<br>1 Primos Hunting Call (doe bleater)<br>1 Petzl Headlamp (camo colored)<br>1 green cordage with carabiner | Found attached to Item 17 at scene |
| EOL | EOL | End Of List | End Of List |

☐ NCIC CHECK MADE

EVIDENCE/PROPERTY OBTAINED FROM: From Scene
OWNER: KOWALIK, Steven Martin        DEFENDANT(S): Same
OWNER'S ADDRESS: 905 Chancellor Street, SW Leesburg, VA 20175
RECOVERED/RECEIVED BY: Det.J.B. Crichfield        DATE: 11/23/2007 TIME: 1030
ADDRESS: USPP CIB AOF
PROPERTY MAY BE:  RELEASED: YES ( ) NO (X)  ITEM(S): All
                  DESTROYED: YES ( ) NO (X)  ITEM(S): All
CASE INVOLVES ASSET FORFEITURE: YES ( ) NO (X)  ITEM(S): All

CASE UNDER APPEAL: YES ( )  NO ( )

OFFICER/AUSA OR STATES ATTORNEY

Det J.B. Crichfield    445    11/23/2007
OFFICER SIGNATURE   BADGE   DATE        SUPERVISOR SIGNATURE   DATE

USPP FORM 43-11
Rev. 1/91

UNITED STATES DEPARTMENT OF THE INTERIOR
NATIONAL PARK SERVICE
UNITED STATES PARK POLICE

| YR | INCIDENT NUMBER |
|---|---|
| 07 | 0 5 0 9 0 9 |

LOCATION CODE

# EVIDENCE/PROPERTY CONTROL RECEIPT

☒ EVIDENCE   ☐ FOUND PROPERTY   ☐ SAFEKEEPING

OFFENSE/INCIDENT: RESOURCE VIOLATION/HUNTING   DATE: 11/22/07   TIME: 1037
LOCATION: Shepherd Parkway, 5100 blk, SW   OFFICER: KLEBANER   BADGE#: 0507
PROPERTY #: _____   NARCOTIC #: _____   DEA LAB #: _____   MCL #: _____

| ITEM # | QUANTITY | DESCRIPTION OF EVIDENCE/PROPERTY | LOCATION RECOVERED |
|---|---|---|---|
| 20 | 01 | "Mathews Solo Cam" Bow | From Scene. |

☐ NCIC CHECK MADE

EVIDENCE/PROPERTY OBTAINED FROM: SCENE
OWNER: Unk Defendant   DEFENDANT(S): _____
OWNER'S ADDRESS: _____
RECOVERED/RECEIVED BY: Det. M.B.LUDWICK 032   DATE: 11/22/07   TIME: 1309
ADDRESS: USPP CIB AOF
PROPERTY MAY BE: RELEASED: YES ( ) NO (X) ITEM(S): All
DESTROYED: YES ( ) NO (X) ITEM(S): All
CASE INVOLVES ASSET FORFEITURE: YES ( ) NO (X) ITEM(S): All

CASE UNDER APPEAL: YES ( ) NO ( )

DET.M.B.LUDWICK 032   11/22/07
OFFICER SIGNATURE   BADGE   DATE

OFFICER/AUSA OR STATES ATTORNEY
D/Sgt _____   11/22/07
SUPERVISOR SIGNATURE   DATE

USPP FORM 43-11
Rev. 1/91

**UNITED STATES DEPARTMENT OF THE INTERIOR
NATIONAL PARK SERVICE
UNITED STATES PARK POLICE**

| YR | | INCIDENT NUMBER | | | | |
|---|---|---|---|---|---|---|
| 0 | 7 | ■ | 0 | 5 | 0 | 9 | 0 | 9 |

LOCATION CODE

# EVIDENCE/PROPERTY CONTROL RECEIPT

☒ EVIDENCE    ☐ FOUND PROPERTY    ☐ SAFEKEEPING

OFFENSE/INCIDENT: RESOURCE VIOLATION/HUNTING    DATE: 11/22/07    TIME: 1037
LOCATION: Shepherd Parkway, 5100 blk, SW    OFFICER: KLEBANER    BADGE#: 0507
PROPERTY #: _____    NARCOTIC #: _____    DEA LAB #: _____    MCL #: _____

| ITEM # | QUANTITY | DESCRIPTION OF EVIDENCE/PROPERTY | LOCATION RECOVERED |
|---|---|---|---|
| 21 | 01 | "Vista" quiver with 7 arrows. | From scene. |

☐ NCIC CHECK MADE

EVIDENCE/PROPERTY OBTAINED FROM: SCENE
OWNER: Unk defendant    DEFENDANT(S): _____
OWNER'S ADDRESS: _____
RECOVERED/RECEIVED BY: Det. M.B. LUDWICK 032    DATE 11/22/07    TIME: 1303
ADDRESS: USPP CIB AOF
PROPERTY MAY BE:    RELEASED: YES ( )  NO (✗)    ITEM(S): all
                    DESTROYED: YES ( )  NO (✗)    ITEM(S): all
CASE INVOLVES ASSET FORFEITURE: YES ( )  NO (✗)    ITEM(S): all

CASE UNDER APPEAL: YES ( )  NO ( )    OFFICER/AUSA OR STATES ATTORNEY
DET. M.B. LUDWICK 032        11/22/07
OFFICER SIGNATURE    BADGE    DATE    SUPERVISOR SIGNATURE    DATE